UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| TIFFANY PUCKETT,<br><br>    Plaintiff,<br><br>V.<br><br>AMERICAN WHOLESALE FURNITURE, INC. d/b/a/ AMERICAN TRANSPORTATION, LLC, ROBERTO COTO, and KENTUCKY FARM BUREAU MUTUAL INSURANCE CO.,<br><br>    Defendants. | CIVIL ACTION NO. 7:18-54-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiff's motion to remand to the Pike County Circuit Court. (DE 7). For the following reasons, the motion is **GRANTED**.

## I. INTRODUCTION

This action was filed in the Pike County Circuit Court in January of 2018, when the Plaintiff Tiffany Puckett sued Defendants American Wholesale Furniture, Roberto Coto, and Kentucky Farm Bureau Mutual Insurance Company seeking to recover damages sustained in a car wreck, which was allegedly caused by Roberto Coto. (DE 1-1 at 3). At the time of the accident, Coto was driving a car owned by American Wholesale Furniture, his employer. *Id.* at 4. Puckett seeks relief against both of those parties based on theories of negligence and *respondeat superior*. *Id.* at 3–5, 6. Puckett's claim against Kentucky Farm Bureau Mutual Insurance Company, however, is based on her underinsured motorist insurance policy with the Bureau, which she retained for her own protection in cases where she might be injured by an underinsured driver. *Id.* at 5–6.

Defendants American Wholesale Furniture and Coto removed this matter from the Pike County Circuit Court to this Court pursuant to 28 U.S.C. § 1332(a) in May of 2018. They cited the allegedly fraudulent joinder of Defendant Kentucky Farm Bureau Mutual Insurance Company as grounds for the removal, noting that both Defendants American Wholesale Furniture and Coto are citizens of Indiana, while Puckett is a citizen of Kentucky, and that the amount in controversy exceeds $75,000.00. (DE 1 at 4 ¶ 13–6 ¶ 23). In support of their fraudulent joinder claim, Defendants American Wholesale Furniture and Coto claim that it is implausible that Puckett could recover more than the combined policy limits of their insurance policies, so there cannot be a colorable claim against Defendant Kentucky Farm Bureau Mutual Insurance Company. *Id.* at 6 ¶ 23–7 ¶ 25. Puckett refutes this analysis, noting that the proper inquiry is not "whether [the plaintiff] will actually reach the policy limits provided by [the defendants], the question is whether [the plaintiff] states a claim at all." (DE 15 at 2 (quoting *Webb v. Simpkins Mine Supply, Inc., et al.*, 7:07-cv-13-GFVT, at 6 (E.D. Ky. Sep. 27, 2007)).

## II. ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the matter might have originally been brought there. In evaluating a motion to remand, the burden rests with the defendant to prove that this Court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Original jurisdiction exists through either diversity of citizenship, *see* 28 U.S.C. §§ 1332(a) and 1441(b), or federal question jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a). When doubts as to the appropriateness of removal exist, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550.

Here, as grounds for removal, Defendants American Wholesale Furniture and Coto

allege that Defendant Kentucky Farm Bureau Mutual Insurance Company was fraudulently joined to prevent removal, and that the diversity of citizenship and amount in controversy requirements are otherwise satisfied. (DE 1). Fraudulent joinder of a local party "will not defeat removal on diversity grounds." *Saginaw Housing Com'n v. Bannum, Inc.,* 576 F.3d 620, 624 (6th Cir. 2009) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)). Joinder of a party is fraudulent "when the non-removing party joins a party against whom there is no colorable cause of action." *Id.* The burden of proof rests with the removing party, who must show that the non-removing party could not have established a cause of action under state law against the non-diverse party that was joined. *Coyne,* 183 F.3d at 493. In reviewing such a claim, this Court must resolve "all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party [and] [a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.* (quoting *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)).[1]

The central inquiry here is whether Puckett has stated a viable claim against Kentucky Farm Bureau Mutual Insurance Company. *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 612 (E.D. Ky. 2014). If so, the diversity requirement is not satisfied, and this case must be remanded to state court. *Id.*; 28 U.S.C. §§ 1332(a). "It is not the role of the Court [] to determine as a matter of law if Plaintiff can prevail at this point in the litigation . . . . Rather, this Court must examine the pleadings for allegations, which, if proven, would provide a reasonable basis for a finding of liability against [Defendant]." *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).

Kentucky law is clear that Puckett may pursue a claim against Kentucky Farm Bureau

---

[1] A district court is generally limited to piercing the pleadings in search of *undisputed* facts that negate the underlying claim and, even within this context of limited piercing, must draw any contested issues of fact in the plaintiff's favor. *See Casias v. Wal-mart Stores, Inc.,* 695 F.3d at 428, 433 (6th Cir. 2012); *see also Walker v. Philip Morris USA, Inc.,* 443 Fed. App'x 946, 954–56 (6th Cir. 2011).

Mutual Insurance Company regardless of her recovery against Defendants American Wholesale Furniture and Coto. Ky. Rev. Stat. Ann. § 304.39-320(5); *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 901 (Ky. 1993). Moreover, the amount of damages sought to be recovered in relation to Defendants American Wholesale Furniture's and Coto's policy limits is not dispositive of whether an independent claim exists against Kentucky Farm Bureau Mutual Insurance Company. Ky. Rev. Stat. Ann. § 304.39-320(5) (noting that a plaintiff may settle for less than the policy amounts provided by the tortfeasor's insurance company and go on to pursue a separate claim against the underinsured motorist coverage carrier). In Kentucky, an underinsured motorist coverage carrier "may be sued without first obtaining a judgment against the uninsured motorist, or without the uninsured motorist being party to the suit . . . . [C]overage exists without regard to whether the obligation of the tortfeasor can be reduced to judgment." *Coots*, 853 S.W.2d at 898 (citing *First Nat'l Ins. Co. v. Harris*, 455 S.W.2d 542 (Ky. 1970) and *Puckett v. Liberty Mut. Ins. Co.*, 477 S.W.2d 811 (Ky. 1971)). And, notably, a plaintiff may bring claims against both the tortfeasor and an underinsured motorist coverage carrier in the same proceeding. *Id.*; *see, e.g.*, *Earl v. Cobb*, 156 S.W.3d 257, 261 (Ky. 2004) This is so because "[t]he UIM carrier and the tortfeasor are 'codebtors in solido,' i.e., they are jointly and severally liable for damages recoverable as a result of the tortfeasor's negligence." *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 315 (Ky. 2006).

As such, here, it is clear that Puckett has stated a plausible cause of action against Kentucky Farm Bureau Mutual Insurance Company. Defendants American Wholesale Furniture's and Coto's arguments about damages are not dispositive. The issue is whether a viable claim may exist against Kentucky Farm Bureau Mutual Insurance Company. Such a claim exists regardless of whether Puckett recovers an amount less than or exceeding the

4

policy limits of American Wholesale Furniture and Coto. *See* Ky. Rev. Stat. Ann. § 304.39-320(3); *Coots*, 853 S.W.2d at 902.

### III. CONCLUSION

Ultimately, Puckett may or may not be successful in her claim against Kentucky Farm Bureau Mutual Insurance Company. This, however, would be a question of merits, which is not pertinent here. "If a plaintiff has even a 'glimmer of hope,' then any charge of fraudulent joinder fails, and the Court must remand the case to state court for want of subject matter jurisdiction." *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) (quoting *Murriel–Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 594 (E.D. Ky. 2011)). Accordingly, pursuant to 28 U.S.C. § 1447(d),

**IT IS ORDERED** as follows:

**(1)** Plaintiff Tiffany Puckett's motion to remand, (DE 7), is **GRANTED**;

**(2)** This action is **REMANDED** in its **ENTIRETY** to the Pike County Circuit Court from which it was removed; and

**(3)** This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

Dated December 6, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY